### THE STATE v. DANIEL J. KELLY.

Decided November 7, 1923.

**Crimes—Disorderly House—Sales of Intoxicating Liquor—Charge to Jury.**

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Wilbur A. Mott.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The grand jury of Essex county presented an indictment against the defendant, charging him with the crime of keeping a disorderly house. The indictment was in the common law form, the averments being that the defendant caused and procured certain men and women of evil name and fame to habitually meet at a house kept by him in the city of Newark,

and there remain drinking, tippling, fighting, committing acts of open lewdness, whoring, &c., &c., and did then and there expose to sale to the frequenters of said premises intoxicating liquor, contrary to law. The trial resulted in the conviction of the defendant and he now challenges the legality of that conviction.

The only ground upon which we are asked to reverse the conviction is directed at the charge to the jury. Both sides having rested, counsel for the defendant submitted to the trial court the following request to charge: "If the jury find that the only unlawful acts committed by the defendant consist wholly in the unlawful sale of intoxicating liquor, the defendant cannot be convicted under this indictment and he is entitled to a verdict of not guilty." It is settled, so far as this court is concerned, that, since the enactment of the statute of March 10th, 1893 (section 74 of our Crimes act), which prohibits the finding of an indictment against a person for the offense of maintaining a common law nuisance or keeping a disorderly house, where the offense sought to be punished consists wholly in the unlawful sale of intoxicating liquor, a person who is indicted for the common law offense of keeping a disorderly house—*i. e.,* for maintaining a place where men and women collect and indulge in drinking, tippling, fighting, committing acts of open lewdness, &c.— is entitled to an acquittal where the only proof offered to support the charge against him relates to sales of intoxicating liquor contrary to law. *State* v. *Goff,* 74 *N. J. L.* 247.

Counsel for defendant asserts that this request was not charged. On the other hand, the prosecutor of the pleas asserts with equal vigor that it was charged.

An examination of the record discloses the following situation: The request submitted not having been referred to in the charge to the jury, and the jury having retired, counsel for defendant called the attention of the court to its failure to charge the request. The court thereupon sent for the jury. The jurors having returned into the jury-box, in compliance with the direction of the court, the presiding judge addressed them as follows: "I am sorry to have found it necessary to

bring you back, but the defendant had requested me to charge a certain charge, and I find I have overlooked charging it in my regular charge." The request of the defendant is as follows: The court then read the request *verbatim,* and, having done so, added this: "That is the end of the defendant's request, but I charge you that if, in addition thereto, it is shown that men and women were permitted to frequent the place, and there drink such intoxicating liquor, get drunk there, solicit there, make arrangements for sexual intercourse there, the charge that the place was a disorderly house is made out."

The argument on the part of counsel for the defendant is that although the court read the request it did not charge it. The suggestion is that the court should have said to the jury, after reading the request, "I so charge you;" or "I so instruct you;" or words to that effect. This seems to us to be hyper-critical. If the trial judge did not intend to charge the request no object can be perceived in his requiring the return of the jury. His opening statement to the jury on its return made it plain why he had sent for them, namely, that he had overlooked charging a request which had been submitted by the defendant. This statement, coupled with the reading of the request which he told the jury he had "overlooked charging," was, by necessary implication, an instruction that the legal principle embodied in the request must be observed by them.

It is further argued that even if it be considered that the request was charged, the *addendum* to it laid down an erroneous legal principle, the claim being that it nullified the request by permitting the jury to convict, if they found that the frequenters of the place drank intoxicating liquor there; in other words, that the language used, "there drink intoxicating liquor, get drunk there, solicit there, make arrangements for sexual intercourse there," describe isolated acts, any one of which would support a conviction on the indictment. We are not impressed with the soundness of the contention. We think that in the absence of a disjunctive such

as *or,* the words used describe a series of acts, one following the other, which together are the constituents of a common law disorderly house, where such acts habitually occur in a particular place, with the knowledge and consent of the owner of the place.

The judgment under review will be affirmed.